```
┌─────────────────────────────────────────┐
│ USDC SDNY                                 │
│ DOCUMENT                                  │
│ ELECTRONICALLY FILED                      │
│ DOC #: _____                  │
│ DATE FILED: July 14, 2015                 │
└─────────────────────────────────────────┘
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------X

UNITED STATES OF AMERICA                         :
                                                 :
                                                 :
                     -v-                         :              15-cr-156 (KBF)
                                                 :
                                                 :              OPINION & ORDER
PABLO PONCE,                                     :
                                                 :
                             Defendant.          :
-------------------------------------------------------------------X

KATHERINE B. FORREST, District Judge:

On April 13, 2015, defendant Pablo Ponce ("Ponce" or "defendant") pled guilty to a one-count Information charging him with conspiracy to distribute and to possess with intent to distribute methamphetamine, in violation of 21 U.S.C. § 846. Based on the quantity of methamphetamine involved[1], defendant faces a 10-year mandatory minimum sentence pursuant to 21 U.S.C. § 841(b)(1)(A). At the time of the plea, the parties believed that defendant was eligible for relief from the mandatory minimum sentence under 18 U.S.C. § 3553(f)—the "safety valve" provision. However, in preparing the presentence report ("PSR"), the Probation Office discovered that defendant has an additional criminal conviction of which the parties had been unaware—and which makes defendant ineligible for safety valve relief.[2] Now before the Court is the parties' joint application to allow defendant to withdraw his plea and to re-plead to a § 841(b)(1)(C) charge—which does not carry a

_____

[1] According to the Complaint, defendant was arrested after delivering approximately eight pounds of a substance that tested positive for methamphetamine. (ECF No. 1.)

[2] The Government has represented that the additional conviction is for a DWI, but the PSR indicates that it is for drug possession.

mandatory minimum sentence.  The Government asserts that "defendant meets the criteria set forth in the Department of Justice's August 12, 2013 policy on charging mandatory minimum sentences and recidivist enhancements in certain drug cases" (the "Holder Policy").  (7/1/15 Gov't Ltr. at 1, ECF No. 23.)

For the reasons set forth below, the parties' application is DENIED.  There is no claim that defendant is innocent of the crime to which he pled guilty.  There is also no claim that his plea was coerced—or that his plea allocution was infected with legal error.  Rather, the parties are asking this Court to allow defendant to withdraw his plea because they had underestimated his criminal history—and, in their view, the mandatory minimum sentence which he now faces is too harsh. Such a "change of heart"—whether on the part of defendant or the Government, or both—is insufficient to justify withdrawal of a legally sound plea.  All three branches of government—the legislative, the executive, and the judicial—are implicated here, and each has a distinct role:  The legislative branch enacted § 841(b)(1)(A), which imposes a 10-year mandatory minimum sentence for certain drug offenses.  The executive branch charged defendant with a (b)(1)(A) offense— and defendant pled guilty to that offense after being fully informed of the possibility that he may be ineligible for safety valve relief.  The Court's duty now is to sentence defendant in accordance with the law.

I.    BACKGROUND

Defendant pled guilty pursuant to a plea agreement dated April 7, 2015 (the "Plea Agreement" or the "Agreement").  The Plea Agreement contains a stipulated

Guidelines range of 108 to 135 months, based on an offense level of 31 and a criminal history category of I.  The Agreement states that the criminal history calculation was made on the basis of information available to the U.S. Attorney's Office as of April 7, 2015, "including representations by the defense."  Based in part on this (erroneous) calculation, the Agreement states that defendant "appears" to be safety valve eligible—and that, "absent new information," the Government would "take the position at sentencing that the statutory mandatory minimum sentence does not apply."  The Agreement makes clear that (1) "neither the Probation Office nor the Court" is bound by the parties' Guidelines stipulation, (2) "the sentence to be imposed upon the defendant is determined solely by the Court," and (3) defendant would have "no right to withdraw his plea of guilty should the sentence imposed by the Court be outside the [stipulated] Guidelines range."  By signing the Plea Agreement, defendant acknowledged that he has "decided to plead guilty because he is in fact guilty."

Defendant pled guilty on April 13, 2015.  During his plea allocution, defendant acknowledged that he understood the minimum and maximum statutory penalties for the charged offense.  (See 4/13/15 Tr. 13:21-14:18, ECF No. 21.)  He also acknowledged that he understood that the Plea Agreement's calculations were not binding on the Court, that the Court would be undertaking its own independent calculation of the offense level and the criminal history category, and that he could not withdraw his plea even if the Court's calculation did not match that in the Agreement.  (See id. 16:6-19:5, 20:3-21:3.)  Most pertinent here, defendant

acknowledged that he understood that the Court could not guarantee that he would

be safety valve eligible—and that he could not later withdraw his plea on the

ground that safety valve relief is unavailable:

> THE COURT: Now, I believe that you and the government, your
> counsel and the government, think, based on the facts, that you may be
> safety valve eligible, which means that you'd be entitled potentially, or
> the Court would be entitled not to impose the mandatory minimum;
> but the Court hasn't yet itself reviewed all of the facts.  And the Court
> can't yet itself guarantee that you would, in fact, be safety valve
> eligible.  Do you understand that?
>
> THE DEFENDANT: Yes.
>
> THE COURT:  And so if it turns out that you plead guilty today and
> you're not safety valve eligible, you can't take your plea back.  You're
> going to be stuck with that plea and [stuck] with the ten-year
> mandatory minimum.  Do you understand that?
>
> THE DEFENDANT: Yes.

(Id. 19:13-20:2.)  Now, defendant seeks to do precisely that which he understood he

could not do: withdraw his guilty plea because he is not safety valve eligible.

## II.   LEGAL STANDARD

"A guilty plea is no mere formality, but a 'grave and solemn act.'"  United

States v. Arteca, 411 F.3d 315, 319 (2d Cir. 2005) (quoting United States v. Hyde,

520 U.S. 670, 677 (1997)).  The detailed procedures for the taking of guilty pleas—

set forth in Rule 11(b) of the Federal Rules of Criminal Procedure—"are intended to

ensure that such pleas are not 'merely tentative.'"  Id. (quoting Hyde, 520 U.S. at

676).  However, the district court has discretion to allow a defendant to withdraw a

guilty plea before sentence is imposed if "the defendant can show a fair and just

reason for requesting the withdrawal."  Fed. R. Crim. P. 11(d)(2)(B).  "While 'this

standard implies that motions to withdraw prior to sentence should be liberally granted, a defendant who seeks to withdraw his plea bears the burden of satisfying the trial judge that there are valid grounds for withdrawal.'" United States v. Doe, 537 F.3d 204, 210 (2d Cir. 2008) (quoting United States v. Gonzalez, 970 F.2d 1095, 1100 (2d Cir. 1992)).

To assess whether the defendant has proffered a "fair and just reason" to justify plea withdrawal, a district court should consider, inter alia: "(1) the amount of time that has elapsed between the plea and the motion; (2) whether the defendant has asserted a claim of legal innocence; and (3) whether the government would be prejudiced by a withdrawal of the plea." Id. (citing United States v. Couto, 311 F.3d 179, 185 (2d Cir. 2002)).  The court may also properly consider "the extent to which a plea was coerced" and "whether the motion to withdraw simply represents a 'change of heart.'" United States v. Tavarez, No. 96CR.895(SWK), 2000 WL 1010303, at *3 (S.D.N.Y. July 20, 2000) (citation omitted).  Lack of prejudice to the Government by itself is insufficient to permit a defendant to withdraw a guilty plea.  See United States v. Saft, 558 F.2d 1073, 1083 (2d Cir. 1977) ("The Government is not required to show prejudice when a defendant has shown no sufficient grounds for permitting withdrawal of a guilty plea, although such prejudice may be considered by the district court in exercising its discretion." (citations omitted)).  Where a motion to withdraw a plea is premised on involuntariness, the defendant must "raise a significant question about the

voluntariness of the original plea." United States v. Torres, 129 F.3d 710, 715 (2d Cir. 1997) (citation omitted).

III.   DISCUSSION

Upon considering the relevant factors, the Court finds that there is no "fair and just reason" to justify withdrawal of defendant's guilty plea.  While the time lapse between defendant's plea and the instant application is not particularly lengthy (2.5 months)—and the Court assumes for purposes of this application that withdrawal would not prejudice the Government—the parties have not set forth any valid grounds to permit defendant to withdraw his plea.  The law is clear that "[t]he fact that a defendant has a change of heart prompted by his reevaluation of . . . the penalty that might be imposed is not a sufficient reason to permit withdrawal of a plea." Gonzalez, 970 F.2d at 1100 (citations omitted); see also United States v. Sweeney, 878 F.2d 68, 70 (2d Cir. 1989) (per curiam) ("Defendants may not plead guilty in order to test whether they will get an acceptably lenient sentence."). Courts in this Circuit have repeatedly denied applications to withdraw guilty pleas on the ground that the parties had erroneously predicted the applicable sentencing range.  See United States v. Goodman, 165 F.3d 169, 173 (2d Cir. 1999) (the fact that a defendant "face[s] a sentence of incarceration significantly longer than the sentence she anticipated when she entered into the plea agreement" is an "invalid ground for withdrawal of a plea" (citation omitted)); United States v. Rodriguez, 213 F.3d 627, at *4 (2d Cir. 2000) (summary order) (affirming a denial of an application to withdraw a guilty plea where the plea agreement underestimated the applicable

sentencing range); <u>United States v. Taylor</u>, 242 F.3d 369, at *2-3 (2d Cir. 2000)
(summary order) (same); <u>Sweeney</u>, 878 F.2d at 69-71 (affirming a denial of an
application to withdraw a guilty plea where the defendant's attorney had
underestimated that the applicable sentencing range); <u>United States v. Guidice</u>, No.
02 CR. 729 (DLC), 2003 WL 22779263, at *3 (S.D.N.Y. Nov. 25, 2003) ("In this case
it appears that both defense counsel and the Government failed to consider the
career offender provisions of the sentencing guidelines when negotiating the
Agreement. . . .   Nonetheless, this error in calculation . . . is insufficient by itself to
allow withdrawal of a plea when the defendant was fully informed that the
Agreement's calculation was not binding on the Court.").

The instant application to withdraw defendant's guilty plea is based on a
change of heart prompted by a realization that defendant's criminal history is more
extensive than the parties had thought—and that, as a result, the safety valve
provision does not apply.  The parties have not asserted that defendant is innocent
of the crime to which he pled guilty, or that his plea was involuntary, or that the
Court committed legal error during the plea allocution.  Before he pled guilty,
defendant was fully advised as to all relevant facts and contingencies: he was
advised that the charged conspiracy carried a 10-year mandatory minimum
sentence; that the Plea Agreement was not binding on the Court; that the Court
would conduct its own evaluation of the appropriate sentence; and that safety valve
relief was not guaranteed.  Defendant pled guilty knowing all the risks—and cannot
now withdraw his plea on the basis that one of those risks has materialized.  <u>See</u>

United States v. White, 597 F.3d 863, 867 (7th Cir. 2010) (affirming the district court's denial of a plea withdrawal application after finding, inter alia, that the parties' mutual mistake as to the defendant's safety valve eligibility "did not affect the essential parameters of the plea because both the plea agreement and the district court specifically addressed the contingency regarding safety valve treatment").

Mistakes as to the availability of safety valve relief are inevitable: as the Second Circuit has explained, safety valve eligibility "is ascertainable only at sentencing." United States v. DeJesus-Abad, 263 F.3d 5, 9 (2d Cir. 2001). If every such mistake suffced to justify plea withdrawal, the finality of guilty pleas—and the integrity of the judicial process—would be greatly compromised. See Doe, 537 F.3d at 211 ("The standard for withdrawing a guilty plea is stringent because 'society has a strong interest in the finality of guilty pleas, and allowing withdrawal of pleas not only undermines confidence in the integrity of our judicial procedures, but also increases the volume of judicial work, and delays and impairs the orderly administration of justice.'" (quoting United States v. Maher, 108 F.3d 1513, 1529 (2d Cir. 1997))).

Nor will the Court permit withdrawal of a legally sound plea on the ground that the statutorily mandated sentence does not comport with the Holder Policy. The Government is free to enforce the Holder Policy through its charging decisions—but to ask the judiciary, an independent branch of government, to assist

in that effort raises serious issues of separation of powers.[3]  The role of this Court is to interpret and apply the law as it exists.  Here, the law is clear and unambiguous: subject to the "substantial assistance" and "safety valve" exceptions in 18 U.S.C. §§ 3553(e) and (f)—which do not apply here—a narcotics offense involving at least 50 grams of methamphetamine carries a 10-year mandatory minimum sentence. See 21 U.S.C. § 841(b)(1)(A); United States v. Samas, 561 F.3d 108, 110-11 (2d Cir. 2009).  This Court has no authority to ignore, or adopt new exceptions to, this statutorily mandated minimum sentence, see United States v. Carter, 696 F.3d 229, 230 (2d Cir. 2012)—and will not do so indirectly by allowing defendant to withdraw a plea to a crime of which he is indisputably guilty.  Disagreements with § 841 or any other piece of legislation are properly directed to Congress, not this Court.  See Crooks v. Harrelson, 282 U.S. 55, 60 (1930) ("Laws enacted with good intention, when put to the test, frequently, and to the surprise of the lawmaker himself, turn out to be mischievous, absurd, or otherwise objectionable.  But in such case the remedy lies with the lawmaking authority, and not with the courts." (citations omitted)).

---

[3] Notably, the Holder Policy states that it is "not intended to create or confer any rights, privileges, or benefits in any matter, case, or proceeding."  Department Policy on Charging Mandatory Minimum Sentences and Recidivist Enhancements in Certain Drug Cases (Aug. 12, 2013) at 2 n.2, available at http://www.justice.gov/sites/default/files/oip/legacy/2014/07/23/ag-memo-department-policypon-charging-mandatory-minimum-sentences-recidivist-enhancements-in-certain-drugcases.pdf (last visited July 13, 2015) (citing United States v. Caceres, 440 U.S. 741 (1979)); see also United States v. Piervinanzi, 23 F.3d 670, 682 (2d Cir. 1994) ("[T]he internal guidelines of a federal agency, that are not mandated by statute or the constitution, do not confer substantive rights on any party." (quoting United States v. Craveiro, 907 F.2d 260, 264 (1st Cir. 1990)) (internal quotation marks omitted)).

IV.     CONCLUSION

For the reasons set forth above, the parties' application to withdraw defendant's guilty plea is DENIED.  The Clerk of Court is directed to terminate the motion at ECF No. 23.

SO ORDERED.

Dated:          New York, New York
                July 14, 2015

_____
        KATHERINE B. FORREST
        United States District Judge